**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.  **CV 21-1709-JFW(JCx)**                                    Date:  April 28, 2021

Title:   Anahit Khayoyan, et al. -v- Travelers Commercial Insurance Company, et al.

---

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   | Shannon Reilly | None Present |
   |---|---|
   | Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                   None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFFS' MOTION TO REMAND THE ACTION TO STATE COURT PURSUANT TO 28 U.S.C. §§ 1446, 1447(c) [filed 3/26/21; Docket No. 23]**

On March 26, 2021, Plaintiffs Anahit Khayoyan and Movses Khayoyan (collectively, {"Plaintiffs") filed a Motion to Remand the Action to State Court Pursuant to 28 U.S.C. §§ 1446, 1447(c) ("Motion").  On April 5, 2021, Defendant Travelers Commercial Insurance Company ("Travelers Commercial") filed their Opposition.  On April 12, 2021, Plaintiffs filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's April 26, 2021 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On November 20, 2020, Plaintiffs filed a Complaint against Travelers Commercial, Travelers Property Casualty Insurance Company ("Travelers Property"), and Travelers Property Casualty Company of America ("Travelers of America") (collectively, "Defendants"), alleging claims for: (1) breach of contractual duty to pay a covered claim; (2) bad faith breach of the implied covenant of good faith and fair dealing; and (3) professional negligence.  On February 24, 2021, Defendants filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]

---

[1] Travelers Property and Travelers of America were dismissed from this action on March 16, 2021.  See Docket No. 17.  In addition, Plaintiffs dismissed their claim for professional negligence on March 16, 2021.  Id.

In their Motion, Plaintiffs move to remand this action on the grounds that: (1) Defendants failed to serve the mandatory written notice of removal on Plaintiffs as required by 28 U.S.C. § 1446(d); Federal Rule of Civil Procedure 5, and Local Rule 5-3.1.2; (2) not all Defendants joined the Notice of Removal; and (3) Defendants failed to establish that diversity jurisdiction exists. Defendants dispute each of these grounds.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"*).*

## III.    Discussion

### A.     The Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims.

In their Motion, Plaintiffs argue that the Notice of Removal did not establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). In addition, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

In the Notice of Removal, Defendants allege that Plaintiffs are citizens of California.[2] Defendants also allege that Defendants are all Connecticut corporations with their principal places of business in Hartford, Connecticut and, thus, citizens of Connecticut. In addition, Defendants attached to the Notice of Removal documents from the California and Connecticut Secretaries of State establishing each Defendant's state of incorporation and principal place of business. Therefore, the Court concludes that Defendants established that all Plaintiffs are diverse from all Defendants.

Furthermore, in the Notice of Removal, Defendants allege that Plaintiffs seek $87,857.72 in economic damages on their breach of contract claim, which is based on an allegation from Plaintiffs' Complaint. *See* Complaint, ¶ 24 ("As a direct, proximate and legal result of TRAVELERS INSURANCE breach of the insurance policy contract Plaintiffs have been, and continue to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited

---

[2] Plaintiffs do not dispute that they are citizens of California and, in their Complaint, Plaintiffs allege that they are residents of California. Complaint, ¶¶ 3-4.

to: the remaining balance fo the loss of personal property estimated to be approximately $87,857.72").  Moreover, as Travelers Commercial points out in its Opposition, the $87,857.72 in economic damages does not include any non-economic damages, punitive damages, and attorneys' fees that Plaintiffs seek in their Complaint.  Therefore, the Court concludes that Defendants established that the amount in controversy requirement has been met.

Accordingly, the Court concludes that Defendants established that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

**B.     Plaintiffs Were Provided With Written Notice of Removal.**

Plaintiffs argue that Defendants failed to serve the mandatory written notice of removal on Plaintiffs as required by 28 U.S.C. § 1446(d), Federal Rule of Civil Procedure 5, and Local Rule 5-3.2.1 because Defendants electronically served Plaintiffs' counsel with the Notice of Removal on February 24, 2021 when, at that time, Plaintiffs' counsel was not admitted to practice before this Court and was not a registered CM/ECF user.  Plaintiffs also argue that because they were never formally served with the Notice of Removal pursuant to Section 1446(d), Defendants' Notice of Removal of this action is invalid.

Pursuant to 28 U.S.C. § 1446(d), "[p]romptly after the filing of [the] notice of removal of civil action the defendant . . . shall give written notice thereof to all adverse parties."  Local Rule 5-3.2.1 states that "[i]ndividuals who have not appeared in this case in this Court or who are not registered for the CM/ECF System must be served in accordance with F.R.Civ.P. 5, and proof of service on such individuals must be made by declaration in the form required by L.R. 5-3.1.2."  Rule 5(b)(E) allows a document to be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing – in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."

Although Plaintiffs argue Defendants' removal of this action is invalid because Defendants failed to formally serve their counsel with the Notice of Removal, " Section 1446(d) does not require 'formal' or 'personal' service of a notice of removal upon a plaintiff; it merely requires 'written notice.'"  *Runaj v. Wells Fargo Bank*, 667 F.Supp.2d 1199, 1202 (S.D. Cal. 2009).  In this case, the Court concludes that Defendants' counsel satisfied the written notice requirement.  In addition to serving Plaintiffs' counsel with the notice to adverse parties – which contained a complete copy of Defendants' Notice of Removal – through the Court's CM/ECF system, Defendants' counsel also emailed the notice to adverse parties to Plaintiffs' counsel at the two email addresses listed on several documents that Plaintiffs had served on Defendants at the beginning of the case, including Plaintiffs' Demand for Jury Trial and Notice of Posting of Jury Fees, Plaintiffs' Notice of 02/19/2021 Case Management Conference and Order to Show Cause Hearings, and the Notice and Acknowledgment of Receipt – Civil.  *See* Notice of Removal, Exh. 2 and 6.[3]

---

[3] Defendants' counsel did not receive any indication that the email service to either of Plaintiffs' email addresses were rejected or otherwise not completed.

Moreover, courts generally conclude that when a plaintiff does not receive notice pursuant to Section 1446(d), a court should examine whether the removing defendants made a good faith effort to give notice and whether the plaintiff suffered prejudice as a result of a failure of notice. *See, e.g, Placencia v. World Savings Bank, FSB*, 2011 WL 1586921 (D. Or. Feb. 25, 2011). For example, in *Titan Finishes Corp. v. Spectrum Sales Group*, 452 F.Supp. 2d 692 (E.D. Mich. 2006), the court found that the defendant complied with Section 1446(d) when it filed its notice of removal on May 19, 2006, sent plaintiff's counsel an email and left a voice mail on May 22, 2006, and when plaintiff received written notice on May 23, 2006. *Id.* at 695–96; *see also Alpena Power Co. v. Utility Workers Un. of Am., Local 286*, 674 F.Supp. 1286 (E.D. Mich. 1987) (denying the plaintiff's motion to remand where the plaintiff received oral notice of the removal ten calendar days after the filing of the notice of removal and written notice within thirteen calendar days). Similarly, the court in *Alston v. Sofa Express, Inc.*, 2006 WL 3331685 (S.D. Ohio 2006), denied a motion to remand when defendants had mailed the notice of removal to plaintiff's attorney at the address listed in the summons, which was different than the address listed in the complaint. The court rejected the plaintiff's argument for a strict reading of the statute and, instead, followed the authority recognizing that when there is a good faith effort to give notice and when the plaintiff suffers no prejudice as a result of the failure to give notice, the requirements of Section 1446(d) are met. *Id.* at *2. The court concluded that the defendants had made a good faith effort to provide notice because although a more careful review of the summons and complaint would have revealed the conflicting addresses for plaintiff's counsel, reliance on the summons accompanying the complaint was not unreasonable and it was plaintiff who created the problem by providing inconsistent addresses. *Id.* at *3; *see also Arnold v.. CSX Hotels, Inc.*, 212 F.Supp. 2d 634 (S.D.W.Va. 2002) (denying motion to remand when original mailing of Notice of Removal to plaintiff's counsel was inexplicably never delivered, but plaintiff's counsel learned of removal seven days later when it received a copy of defendant's answer showing the action was pending in federal court and defendant's counsel promptly mailed another copy of the notice of removal upon learning of the problem), *aff'd,* 112 Fed. Appx. 890 (4th Cir.2004); *Calderon v. Pathmark Stores, Inc.*, 101 F.Supp.2d 246 (S.D.N.Y.2000) (holding that where the delay was relatively short and no action was taken by the state court between the time of removal and the giving of notice, the defect was harmless and created no basis for remand).

In this case, even assuming Plaintiffs' counsel never received the notice to adverse parties that Defendants' counsel sent to her at two separate email addresses, Defendants' counsel also sent multiple emails, made multiple telephone calls, and left a number of telephone message for Plaintiffs' counsel regarding a potential Rule 12(b) motion to dismiss and other federal deadlines between February 24, 2021 and March 3, 2021 that would have given Plaintiffs' counsel notice that this action had been removed to federal court. Indeed, Plaintiffs' counsel clearly had notice that this action had been removed to this Court by March 11, 2021, a mere eighteen days after the removal, when Plaintiffs' counsel participated in a meet and confer conference with Defendants' counsel. *See Ynoa v. Kutner*, 2011 WL 1796320, at *2 (S.D.N.Y. May 5, 2011) ("[S]everal courts have held that delays of more than a month in either filing the notice of removal with the state court or providing plaintiffs with written notice do not necessarily require remand"); *see also Calderon v. Pathmark Stores, Inc.*, 101 F.Supp. 2d 246, 248 (S.D.N.Y. 2000) ("[W]here, as here, the [month-long] delay was relatively short and no action was taken by the state court between the time of actual removal and the time of the requisite notice, the alleged defect is harmless and, not being jurisdictional, creates no basis for remand"). Therefore, the Court concludes that the facts establish that Defendants made a good faith effort to give notice of the removal to Plaintiffs and

that Plaintiffs have suffered no prejudice as a result of any delay in receiving that notice. *See Placencia*, 2011 WL 1586921, *7 ("The facts establish that defendant made a good faith effort to give notice to plaintiff. The facts further establish that plaintiff has suffered no prejudice as a result of any delay in receiving the Notice of Removal. Plaintiff's motion to remand based on a delay in receiving notice should be denied").

### C. All of the Defendants Joined the Notice of Removal.

Plaintiffs argue that the removal was procedurally invalid because Travelers Property and Travelers of America did not consent to the removal of this action. However, the Notice of Removal clearly states that the action is being removed by Travelers Commercial, Travelers Property, and Travelers of America. *See* Notice of Removal, p. 1. In addition, the Notice of Removal is signed by Weston & McElvain LLP as counsel for Travelers Commercial, Travelers Property, and Travelers of America.

Accordingly, the Court concludes that the Defendants unanimously and unambiguously consented to the removal of this matter.

### IV. Conclusion

For all the foregoing reasons, Plaintiffs' Motion is **DENIED**.

IT IS SO ORDERED.